No. 22-13669

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

MARIA EUGENIA BLANCO,

Plaintiff-Appellant,

v.

ANAND ADRIAN SAMUEL,
LINDSEY ADAMS FINCH,

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Southern District of Florida

_____

**THE SECRETARY OF LABOR'S UNOPPOSED MOTION
TO PARTICIPATE IN ORAL ARGUMENT**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, counsel for the Acting Secretary of Labor certifies that she believes Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed with this Court on March 14, 2023 is complete.

Date: July 10, 2023

                                                  /s/ Katelyn J. Poe
                                                  KATELYN J. POE

No. 22-13669
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

MARIA EUGENIA BLANCO,

Plaintiff-Appellant,

v.

ANAND ADRIAN SAMUEL,
LINDSEY ADAMS FINCH,

Defendants-Appellees.
_____

On Appeal from the United States District Court
for the Southern District of Florida
_____

**THE SECRETARY OF LABOR'S UNOPPOSED MOTION
TO PARTICIPATE IN ORAL ARGUMENT**

Pursuant to Federal Rules of Appellate Procedure 29(a)(8), the Acting Secretary of Labor ("Secretary") requests permission from this Court to participate in oral argument in this case. The grounds for this motion are as follows:

1. This appeal involves important issues concerning the proper interpretation of the live-in domestic service employee exemption from overtime pay under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. 201 et seq., at section 13(b)(21) of the Act, 29 U.S.C. 213(b)(21), and

the proper interpretation of "employer" at section 3(d) of the Act, 29 U.S.C. 203(d).

2. The Secretary administers and enforces the FLSA. 29 U.S.C. 202(a), 204, 211(a), 216(c), 217.

3. On February 1, 2023, the Secretary filed a brief as amicus curiae in support of Plaintiff-Appellant with this Court, setting forth the Secretary's position that the district court erred in concluding that Plaintiff was exempt from the FLSA's overtime pay requirements under the live-in domestic service employee exemption because Plaintiff did not reside in Defendants-Appellees' home within the meaning of the exemption. The Secretary's brief also set forth her position that the district court erred in concluding that Plaintiff failed to demonstrate that Defendants were Plaintiff's employers.

4. The Secretary believes that her participation in this oral argument will assist this Court because she administers and enforces the FLSA, and such experience provides her unique knowledge of and expertise with the statutory and regulatory principles at issue, including the proper interpretation of the live-in domestic service employee exemption at section 13(b)(21), 29 U.S.C. 213(b)(21), and the Department's regulations at 29 C.F.R. 552.102, governing live-in domestic service employees, and 29 C.F.R. 785.23, which concerns employees who reside on their employer's premises. The district court's

decision here ignored the plain language of the statute and misconstrued these regulations and the Department's guidance interpreting them to conclude, in error, that Plaintiff was a live-in domestic service employee. The second issue in this case is whether Defendants were Plaintiff's employers under the FLSA. The district court's decision that Plaintiff failed to demonstrate that Defendants were her employers is contrary to the Act and, if affirmed, could create a significant loophole to deny FLSA protections to vulnerable workers.

    5. Counsel for the Appellant has consented to cede a portion of his allotted argument time to the Secretary. Therefore, permitting the Secretary to participate in oral argument will not increase the time designated by this Court to hear argument of this appeal.

    6. Per this Court's rules, Counsel for the Secretary has conferred with counsel for the Plaintiff and counsel for the Defendants. Neither counsel opposes the Secretary's motion.

For the foregoing reasons, the Secretary respectfully requests this Court's permission to participate in oral argument.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

RACHEL GOLDBERG
Counsel for Appellate Litigation

MELISSA ANN MURPHY
Senior Attorney


/s/Katelyn J. Poe
KATELYN J. POE
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, NW
Room N-2716
Washington, DC  20210
(202) 693-5304

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify that the foregoing Secretary of Labor's Unopposed Motion to Participate in Oral Argument

(1) was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font; and

(2) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 449 words.


/s/ KATELYN J. POE
KATELYN J. POE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Secretary of Labor's Unopposed Motion to Participate in Oral Argument was served this 10th day of July 2023, via the Court's ECF system on each attorney who has appeared in this case and is registered for electronic filing.

/s/ Katelyn J. Poe
KATELYN J. POE